

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EVERETT MCKINLEY TOY,<br><br>              Petitioner,<br><br>           v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>              Respondent. | Case No. CV 09-6539-JSL (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

## I.   Factual and Procedural Background

Petitioner is a state prisoner currently incarcerated at the Centinela State Prison in Imperial, California. He filed this petition for writ of habeas corpus on September 24, 2009. Because this is Petitioner's third petition challenging the same underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The petition challenges a February 2002 judgment in the Los Angeles County Superior Court, entered following Petitioner's conviction of first degree burglary, grand theft auto and vehicle

theft. (Cal. Penal Code §§ 459, 487; Cal. Vehicle Code § 10851).   The trial court found that Petitioner had one prior serious felony conviction and sentenced him to a total term of 14 years and 4 months imprisonment. (Cal. Penal Code §§ 667(a)); 667.5(b)-(i); 1170.12(a)-(d)).

Petitioner completed his state court direct appeals[1] and on November 4, 2005, he filed a petition for writ of habeas corpus in this court, alleging that the trial court had abused its discretion in failing to strike the prior "strike" conviction under *People v. Superior Court (Romero)*, 13 Cal. 4th 497, 504 (1996). *Toy v. Sullivan*, Case No. CV 05-7908-JSL (MLG).[2] On October 17, 2006, this court entered an order and judgment denying the petition on the merits.

Beginning in early 2008, Petitioner filed at least two rounds of petitions for writ of habeas corpus in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.[3] In those petitions, he raised claims alleging that the trial court had imposed an illegal sentence in violation of the double jeopardy clause. As best as this Court can determine, Petitioner was alleging a sentencing error based on the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007). Each of those petitions

---

[1] Petitioner also filed at least one round of state habeas corpus petitions in 2004 and 2005.

[2] On February 3, 2006, Petitioner filed a first amended petition for writ of habeas corpus, dropping two claims contained in the original petition.

[3] On January 16, 2008, Petitioner filed a petition for a writ of mandamus in this Court, seeking an order directing the Los Angeles County Superior Court to address a sentencing claim he had made in a petition for writ of habeas corpus filed there. That petition was dismissed on January 29, 2008. *Toy v. Superior Court of the State of California*, Case No. CV 08-0272-JSL (MLG).

were denied, most recently by the California Supreme Court on June 1, 2009.

On July 27, 2009, Petitioner filed a second habeas corpus petition in this Court challenging the 2002 conviction, alleging sentencing errors based on a double jeopardy clause violation and the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007). *Toy v. Uribe*, Case No. CV 09-5442-JSL (MLG). On August 11, 2009, the Court dismissed the petition without prejudice, finding that it was a successive petition within the meaning of 28 U.S.C. § 2244.

This petition followed. In this petition, Toy again challenges the state court judgment entered in February 2002, raising the same claims concerning the illegality of his sentence as those presented in the July 2009 petition. For the reasons set forth below, the petition is ordered dismissed without prejudice to Petitioner's right to apply to the United States Court of Appeals for the Ninth Circuit for leave to file a successive petition.[4]

## II.   Discussion.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid

---

[4] Petitioner states that on August 18, 2009, he filed an application for leave to file a successive petition in the United States Court of Appeals for the Ninth Circuit, which is still pending. The Court is unable to determine why he elected to file another petition here.

burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 157.

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(i). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district

4

1  court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes*
2  *v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent
3  that petitioner would like to show that he falls within one of the
4  exceptions to dismissal of successive habeas petitions, 28 U.S.C. §
5  2244(b)(2)(B), he must first present any such claim to the Court of
6  Appeals rather than to this Court.")

7      This petition was filed without leave of the Ninth Circuit.  Until
8  the Ninth Circuit authorizes the filing of this petition, this Court
9  lacks jurisdiction to consider the merits. *See Burton,* 549 U.S. at 157;
10 *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly,
11 dismissal of the petition without prejudice is required.

12

13 **III. Order.**

14      In accordance with the foregoing, IT IS HEREBY ORDERED that the
15 petition is DISMISSED without prejudice to petitioner's applying to the
16 United States Court of Appeals for the Ninth Circuit for leave to file
17 a second or successive petition.

18

19 Dated:October 1, 2009

20
21
22                                        _____
23                                        J. Spencer Letts
                                          United States District Judge
24

25 Presented by:
26
27 _____
   Marc L. Goldman
28 United States Magistrate Judge